IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER, # B-30985,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-879-MJR |
| ) | |
| **KIMBERLY BUTLER,** ) | |
| **PHILLIPS, ALEX JONES,** ) | |
| **THOMAS MEZO,** ) | |
| **CHRISTOPHER ROTH,** ) | |
| **A. BENNET, R. PELKER,** ) | |
| **C. BEST,** ) | |
| **and OFFICER LINDENBERG,** ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a frequent litigator in this Court, who has sixteen cases currently pending here in addition to the instant case.[1] He also lists three cases pending in other federal courts of this state. In addition,

---

[1] The other sixteen open cases are: *Widmer v. Bayler*, Case No. 13-cv-23-MJR-SCW (severed on Jan. 8, 2013 from Case No. 12-cv-1261-MJR-SCW); *Widmer v. Shehorn*, Case No. 13-cv-24-MJR-SCW (severed on Jan. 8, 2013 from Case No. 12-cv-1261-MJR-SCW); *Widmer v. Hodge*, Case No. 13-cv-25-MJR-SCW (severed on Jan. 8, 2013 from Case No. 12-cv-1261-MJR-SCW); *Widmer v. Cecil*, Case No. 13-cv-26-MJR-SCW (severed on Jan. 8, 2013 from Case No. 12-cv-1261-MJR-SCW); *Widmer v. Vaughn*, Case No. 13-cv-417-JPG-PMF (filed April 30, 2013); *Widmer v. Page*, Case No. 13-cv-663-MJR-SCW (filed July 11, 2013); *Widmer v. Dillman*, Case No. 13-cv-787-MJR-SCW (severed Aug. 2, 2013, from Case No. 13-cv-663-MJR-SCW); *Widmer v. Hodge*, Case No. 13-cv-788-NJR-DGW (filed Aug. 2, 2013); *Widmer v. Kempfer*, Case No. 13-cv-1131-NJR-DGW (filed Nov. 4, 2013); *Widmer v. Kilpatrick*, Case No. 13-cv-1154-SMY-PMF (severed on Nov. 6, 2013, from Case No. 13-cv-1131-NJR-DGW); *Widmer v. Kempfer*, Case No. 13-cv-1246-NJR-DGW (severed on Dec. 3, 2013, from Case No. 13-cv-787-MJR-SCW); *Widmer v. Harrington*, Case No. 13-cv-1248-MJR-SCW (filed Dec. 3, 2013); *Widmer v. Butler*, Case No. 14-cv-630-JPG-PMF (filed June 3, 2014; allowed to proceed IFP due to allegations of imminent danger from cellmate); *Widmer v. Butler*, Case No. 14-cv-859-NJR-DGW (filed

he has "struck out" under 28 U.S.C. § 1915(g) because three of his cases have been dismissed as frivolous or for lack of merit.[2]  As a consequence, Plaintiff may not proceed *in forma pauperis* ("IFP") in this or any other newly filed case unless he can demonstrate that he is under imminent danger of serious physical injury.

In the instant complaint, Plaintiff claims that he is in imminent danger because as of the date he filed the case, Defendants had conspired to deny him any out-of-cell exercise for 130 consecutive days, and had refused to allow him to shower, shave, or use nail clippers for 28 days (Doc. 1, p. 3).  Further, in July 2014, some Defendants placed him in a hot cell that lacked adequate ventilation and was contaminated with feces and blood (Doc. 1, p. 5).  He was kept there for 11 days before he was given cleaning supplies.  Along with the complaint, Plaintiff filed a one-page "Motion for Injunctive Relief" (Doc. 2), seeking a court order to prohibit Defendants from "continuing to house [him] in hazardous cells, deny plaintiff to exercise outside of his cell, harass and threaten plaintiff and refuse to transfer plaintiff by abusing their authority."

Plaintiff did not, however, file a motion for leave to proceed IFP in this case, nor did he pay the fee in advance.  This omission was not inadvertent, because on his "Notice of

---

July 31, 2014; allowed to proceed IFP due to allegations that guards had withheld prescription medication and threatened his life); *Widmer v. Butler*, Case No. 14-cv-867-NJR (severed on Aug. 6, 2014, from Case No. 14-cv-859-NJR-DGW; no imminent danger established for these unrelated claims; Plaintiff incurred another fee when he failed to voluntarily dismiss the severed action); *Widmer v. Butler*, Case No. 14-cv-874-NJR (filed Aug. 8, 2014; leave to proceed IFP denied because no imminent danger established). Eight of these cases were filed as original actions by Plaintiff; the other eight cases were severed into separate actions pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), because Plaintiff had improperly joined unrelated claims and defendants in a single complaint.

[2]  *Widmer v. Slover*, Case No. 99-cv-721-GPM (S.D. Ill., dismissed as frivolous on December 7, 1999); *Widmer v. Lawless*, Case No. 13-cv-1245-MJR (S.D. Ill., dismissed as frivolous on March 3, 2014); and *Widmer v. Bramlet*, Case No. 14-cv-88-MJR (S.D. Ill., dismissed for failure to state a claim upon which relief may be granted on March 26, 2014).  Although Plaintiff did not include these specific cases in his account of his litigation history, he does acknowledge in the complaint that he has received three strikes (Doc. 1, p. 3).

Filing," which listed the documents he submitted to the Court on August 11, 2104, Plaintiff crossed out the words "motion to proceed in forma pauperis" (Doc. 1, p. 8).  He further stated that the IFP motion "will be forwarded ASAP."  *Id*.  The Clerk of Court notified Plaintiff that he must file his motion for leave to proceed IFP no later than 30 days following the date this case was filed, or the action would be subject to dismissal (Doc. 4).  That deadline fell on September 10, 2014.  More than a week has passed since the expiration of the deadline, and the Court has received no IFP motion.  Nor has Plaintiff submitted any other motion or communication regarding this case.  The Court finds that Plaintiff was adequately warned of the consequences of failing to timely submit an IFP motion.  Therefore, this action shall be dismissed for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Court further observes that if Plaintiff had filed a motion for leave to proceed IFP in this action, it would not have been granted based on the allegations in the complaint.  While lack of exercise may indeed be harmful to a person's health, nothing in the complaint suggests that Plaintiff was denied all opportunity to engage in physical activity.  He states only that he was not allowed to exercise outside his cell.  That would not have prevented him from doing calisthenics, jogging in place, or other similar activities inside his cell that would meet his health needs.  *See, e.g., Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988).  The denial of out-of-cell exercise privileges alone does not establish that Plaintiff was in imminent danger of serious physical injury at the time the case was filed.

Similarly, his placement in the unsanitary, poorly ventilated cell for 11 days no longer represented an imminent danger as of the date of filing.  By Plaintiff's own description, he faced those conditions for only 11 days; he did not allege that he was still subject to those conditions when he drafted his pleading.  "Imminent danger" within the meaning of 28 U.S.C.

§ 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)). Plaintiff's additional claims – that he was not allowed to shower, shave, or use nail clippers for 28 days and counting – while certainly unpleasant, do not amount to imminent danger of serious physical injury within the meaning of § 1915(g).

**Show Cause Order**

As a result of Plaintiff's prolific litigation activity, he has accumulated a substantial debt of unpaid filing fees owed to this Court. Plaintiff's unpaid filing fees (including fees for two appeals from cases dismissed here) currently total $7,583.31, all payable to this Court. In addition, he is now obligated to pay another $400.00 for the instant case, bringing his grand total to $7,983.31.

Despite the fact that Plaintiff has "struck out" and must overcome the imminent-danger requirement of § 1915(g) before he may proceed IFP in any new case, he has continued to file new lawsuits which have added to his already sizeable debt to this Court. The instant case demonstrates that Plaintiff's belief as to what constitutes "imminent danger of serious physical injury" is out of line with the legal standards prevailing in this Circuit. Likewise, two other recent claims brought by Plaintiff similarly fell short of overcoming the three-strikes bar. *Widmer v. Butler*, Case No. 14-cv-867-NJR (unrelated claims posing no imminent danger, brought originally in Case No. 14-cv-859-NJR-DGW on July 31, 2014); *Widmer v. Butler*, Case

No. 14-cv-874-NJR (filed Aug. 8, 2014; leave to proceed IFP denied because Plaintiff could not establish imminent danger by engaging in a voluntary hunger strike).

The courts of this circuit will not allow struck-out prisoners to repeatedly file new lawsuits and appeals seeking pauper status where no imminent danger of serious physical injury is present. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Accordingly, Plaintiff shall be ordered to show cause why he should not be barred from filing any further actions in this Court until such time as he pays in full the outstanding filing fees he owes the Court as described herein.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute, pursuant to Rule 41(b). All pending motions are **DENIED AS MOOT.** There does not appear to be any reason in this case to depart from the general rule that a dismissal for failure to prosecute "operates as an adjudication on the merits." FED. R. CIV. P. 41(b); *Hill v. United States*, __ F.3d __, Appeal No. 14-1428, 2014 WL 3893249 *2 (7th Cir. Aug. 11, 2014) ("Rule 41(b) of the civil rules provides that a dismissal for failure to prosecute is with prejudice 'unless the dismissal order states otherwise.'"); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) ("Rule 41(b) states the general principle that failure to prosecute a

case should be punished by dismissal of the case with prejudice.").

This dismissal shall not count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Therefore, it is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **thirty-five (35) days** of the date of entry of this Order (on or before **October 23, 2014**).  If Plaintiff fails to comply with this Order in the time allotted by the Court, an order shall enter directing payments to be deducted from Plaintiff's inmate trust fund account, in accordance with 28 U.S.C. 1915(b).

Plaintiff is **FURTHER ORDERED TO SHOW CAUSE** why this Court should not restrict him from filing any new actions in this Court until such time as Plaintiff pays the outstanding $7,583.31 owed for his previously filed actions in full, in addition to the $400.00 filing fee for this action.  Tender by Plaintiff of the full **$7,983.31** in outstanding fees for these actions to the Clerk of the Court on or before October 23, 2014, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.  If Plaintiff does not pay the full sum or otherwise respond by this deadline to show cause why a filing ban should not be imposed, a filing ban order shall be entered against Plaintiff.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective

of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[3] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

    **IT IS SO ORDERED.**

    **DATED:  September 19, 2014**

                                                   s/ MICHAEL J. REAGAN
                                                   United States District Judge

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).