**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL WIDMER, # B-30985,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-879-MJR** |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **PHILLIPS,** | ) | |
| **ALEX JONES,** | ) | |
| **THOMAS MEZO,** | ) | |
| **CHRISTOPHER ROTH,** | ) | |
| **A. BENNET,** | ) | |
| **R. PELKER,** | ) | |
| **C. BEST,** | ) | |
| **and OFFICER LINDENBERG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court on Plaintiff's "Motion to Show Cause" (Doc. 7). The motion was docketed on October 29, 2014, but was submitted by Plaintiff for filing on October 23, 2014, according to his certificate of service. In reality, this document contains Plaintiff's response to this Court's show cause order of September 19, 2014 (Doc. 5). That order dismissed this action, ordered Plaintiff to pay the $400.00 filing fee by October 23, 2014, and ordered him to show cause why he should not be restricted from filing any new actions in this Court until such time as he pays his outstanding accumulated filing fees totaling $7,983.31. Plaintiff's response to the show cause order was also due by October 23, 2014, so it was timely filed under the mailbox rule.

The show cause order was issued because Plaintiff has accumulated three "strikes" for filing frivolous or meritless cases. As a result, he is now prohibited from filing another action *in forma pauperis* (IFP) unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Despite being "struck out," Plaintiff has continued to file new actions which have failed to qualify for IFP status, and have added to his substantial debt (*See* Doc. 5).

Plaintiff did not pay the fee for this case by the October 23, 2014, deadline, and has made no payment towards the other fees he has incurred. Further, he has filed yet another case in this Court, again claiming he is under imminent danger of serious physical injury. *Widmer v. Butler*, Case No. 14-cv-1111-JPG (filed Oct. 16, 2014, and currently under review).

Plaintiff's response to this Court's order to show cause states that a filing ban should not be imposed on him because:

> [T]o cite plaintiff's indigent status and no means to earn income from a prison cell as basis to deny plaintiff his clearly established right to redress and due process would be improper. Plaintiff's basis for the instant argument is based on both the United States Constitution and a common sense interpretation of it. And thus you wonder why China owns America?

(Doc. 7, p. 1) (paragraph numbers omitted).

The Court is not persuaded by Plaintiff's reasons. Courts are clearly authorized to impose restrictions on abusive filers such as Plaintiff. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation"); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Because Plaintiff has not paid the outstanding fees he owes the Court, continues to file new cases, and has failed to show adequate cause why the Court should not restrict him from filing future documents until his fees are paid

in full, this Court finds it necessary to so restrict Plaintiff.  Clearly monetary sanctions are not enough to deter Plaintiff from filing future claims with this Court, as he has now added yet another filing fee to the $7,983.31 he owed at the time the show cause order was entered, and has shown no effort to pay his debt.  Thus, to simply add to that debt in an effort to cease Plaintiff's abuse of the Court is useless.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Show Cause" (Doc. 7) is **DENIED.**  Plaintiff Michael Widmer, Inmate No. B-30985, is hereby **RESTRICTED** from filing any new civil actions in this Court until such time as his outstanding filing fees of $7,983.31 have been paid in full.  This filing restriction does not extend to a notice of appeal from this order (which shall result in the imposition of an additional $505.00 filing/docketing fee), to the filing of any petition for a writ of habeas corpus, nor to pleadings filed as a defendant in another criminal or civil case.  *See Mack*, 45 F.3d 185; *Newlin*, 123 F.3d at 436-37.   In accordance with this precedent, Plaintiff may seek modification or recission of this order, by filing a motion in this Court *no earlier* than two years from the date of entry of this order, assuming that he fails to pay the balance of his filing fees within that two years.  Any papers submitted to the Court by Plaintiff while this filing restriction is in place shall be accompanied by a copy of this order.

Should Plaintiff attempt to file any new action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this order to the Plaintiff unfiled.

IT IS FURTHER ORDERED that the agency having custody of the Plaintiff **SHALL REMIT** the $400.00 filing fee for this action from his prisoner trust fund account if such funds are available.  If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months,

whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  In addition, Plaintiff shall note that the filing fees for multiple cases cumulate.  *See Newlin*, 123 F.3d at 436, overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).  A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on.  *Newlin*, 123 F.3d at 436.  "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id*.  Payments shall be mailed to:  Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this order, he may file a notice of appeal with this court within thirty days of the entry of this order.  FED. R. APP. P. 4(a)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the

appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion

filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED:  October 31, 2014**

**<u>s/ MICHAEL J. REAGAN</u>**
**CHIEF DISTRICT JUDGE**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).